**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

DANIEL ANDERSON,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　) **Case No.:**
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　) **COMPLAINT AND DEMAND FOR**
　　　　　　　　　　　　　　　　　　) **JURY TRIAL**
RECEIVABLE PERFORMANCE　　　　　　)
MANAGEMENT, LLC,　　　　　　　　　) **(Unlawful Debt Collection Practices)**
　　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)

DANIEL ANDERSON ("Plaintiff"), by and through his attorneys, Kimmel & Silverman, P.C., alleges the following against RECEIVABLE PERFORMANCE MANAGEMENT, LLC ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

1

3. Defendant conducts business in the State of Maryland, therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Baltimore, Maryland.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Plaintiff is granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a), and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec 22, 2000).

9. Defendant is a corporation with its principal place of business located at 20816 44th Avenue W, Lynnwood, Washington 98036.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

11. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. At all relevant times herein, Defendant was attempting to collect an alleged consumer debt and contacted Plaintiff in its attempts to collect that debt owed by an unknown third party.

14. Upon information and belief, the alleged debt at issue arose out of transactions which were primarily for personal, family, or household purposes.

15. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly an obligation owed by him could only arisen from a financial obligation for primarily personal, family or household purposes.

16. Between May 2015 and July 2015, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's cellular telephone number in its attempts to collect the alleged debt.

17. Defendant's calls originated from telephone numbers including, but not limited to, 360-529-0935. The undersigned has confirmed that this number belongs to Defendant.

18. Upon initial communication in May 2015, Plaintiff advised Defendant that it was calling the wrong number and to stop calling.

19. In response, Defendant's collector advised Plaintiff that this was the number on file so they were going to keep calling back.

20. Plaintiff told Defendant several times thereafter that it was calling the wrong number and to stop calling his cellular telephone.

21. Plaintiff also told Defendant that he was a truck driver and calls while he was on the road were not safe to receive.

22. However, despite Plaintiff's indication to stop calling, the calls continued.

23. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

24. Plaintiff knew the calls were automated as music would play before a live person would come onto the telephone.

25. Defendant's telephone calls were not made for "emergency purposes."

26. Defendant's actions, as described herein, were taken with the intent to mislead, harass, and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA

27. Section 1692c(a)(1) of the FDCPA prohibits a debt collector from calling a consumer at any unusual time or place or time or place known or which should be known to be inconvenient to the consumer. In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communication with a consumer is after 8 o' clock antemeridian and before 9 o' clock postmeridian, local time at the consumer's location.

28. Defendant violated section 1692c(a)(1) of the FDCPA when it called Plaintiff on his cellular telephone after being made aware he was not the debtor and that he was a truck driver and calls while he was driving were not safe.

## COUNT II
## DEFENDANT VIOLATED § 1692c(a)(3) OF THE FDCPA

29. Section 1692c(a)(3) of the FDCPA prohibits a debt collector from calling a consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

30. Defendant violated section 1692c(a)(3) of the FDCPA by calling Plaintiff while he was operating his truck for work.

## COUNT III
## DEFENDANT VIOLATED § 1692d OF THE FDCPA

31. Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

32. Defendant violated section 1692d of the FDCPA when it called Plaintiff's

telephone continuously.

#### COUNT IV
#### **DEFENDANTS VIOLATED § 1692d(5) OF THE FDCPA**

33. Section 1692d(5) of the FDCPA prohibits a debt collector from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

34. Defendants violated § 1692d(5) when it called Plaintiff's cellular phone continuously and repeatedly, even after being advised to stop.

#### COUNT V
#### **DEFENDANT VIOLATED §§ 1692e and 1692e(10) OF THE FDCPA**

35. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

36. Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

37. Defendant violated §§ 1692e and 1692e(10) when it told Plaintiff it could continue to call him since his number was on file.

#### COUNT VI
#### **DEFENDANT VIOLATED THE**
#### **TELEPHONE CONSUMER PROTECTION ACT**

38. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

39. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

40. Defendant's calls to Plaintiff were not made for emergency purposes.

41. Defendant's calls to Plaintiff, after late May 2015 were not made with Plaintiff's prior express consent.

42. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

43. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

44. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, DANIEL ANDERSON, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);
b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);
d. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

f. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

h. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DANIEL ANDERSON, demands a jury trial in this case.

Respectfully submitted,

DATED: September 4, 2015      By: /s/ Amy L. Bennecoff
Amy L. Bennecoff, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
Tel: 215-540-8888
Fax: 215-540-8817
Email: abennecoff@creditlaw.com
Attorney for the Plaintiff

PLAINTIFF'S COMPLAINT